**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

11/20/15

**DORIAN E. RAMIREZ, CLERK**

BY DTELLO

ACCEPTED
13-13-00702-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
11/20/2015 12:29:30 PM
Dorian E. Ramirez
CLERK

CAUSE NO. 13-13-00702-CV

| | | |
|---|---|---|
| ENTRAVISION COMMUNICATIONS CORPORATION, ET AL. | § § § | IN THE THIRTEENTH |
| VS. | § § | COURT OF APPEALS |
| JESUS EVERADO VILLARREAL SALINAS | § § § | CORPUS CHRISTI – EDINBURG |

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
11/20/2015 12:29:30 PM
DORIAN E. RAMIREZ
Clerk

## APPELLEE'S MOTION FOR REHEARING

Appellee, Jesus Everado Villarreal Salinas, submits this motion for rehearing in response to the opinion issued by the Court on September 30, 2015, and requests that the Court consider the following issue:

> The Court erred in finding that Appellants carried their initial burden of showing by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the parties' exercise of the right of free speech.

### Argument

This appeal concerns the denial of a motion to dismiss filed pursuant to the Texas Citizens Participation Act ("the Act" or "the TCPA"). Under the Act, Appellants bore the initial burden of showing by a preponderance of the evidence that Appellee's suit is based on, relates to, or is in response to Appellants' exercise of (1) the right of free speech; (2) the right to petition; or (3) the right of association. TEX. CIV. PRAC. & REM. CODE § 27.005(b). In determining whether a legal action should be dismissed under the Act, a court is to "consider the

1

pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id*. § 27.006(a).

It is undisputed that Appellants attached no evidence to their motion to dismiss and that they did not ask the Court to take judicial notice of any specific evidence in the record for the purpose of assessing whether the Act applied. The Court's opinion never acknowledges this point because the Court ultimately finds that Appellants established, by a preponderance of the evidence, the Act's applicability to Appellee's suit based on the pleadings alone, stating:

> Considering the petition and the answer in this case, we conclude that Entravision made the communication at issue, as set out in the pleadings, in connection with a matter of public concern— specifically that it implicated concerns of community well-being or that it involved issues related to a public official or public figure.

OPINION at 9 (citations omitted). As shown below, the analysis the Court employs to arrive at this conclusion is highly problematic.

In its analysis, the Court states the following regarding Appellants' answer: "Entravision's answer also set out, among other things, that the statement at issue involved public officials or public figures. It *described* the statement as a comment on a matter of public concern." OPINION at 8-9 (emphasis added). The Court is using the term "describe" rather loosely because Appellants' answer does not set forth any factual details relating to the publication at issue. Instead, the answer simply sets forth affirmative defenses for which Appellants state, in a conclusory

2

manner, that (1) the subject publication relates to a matter of public concern; (2) the "Plaintiffs are public officials or public figures"; and (3) the Act applies to the subject publication. CR:41-43 (specifically ¶ 9, 10, 13, 21). The answer sets forth no facts, however, through which one can actually assess (1) whether the subject publication relates to a matter of public concern; (2) whether Plaintiffs are public officials or figures; or (3) whether the Act applies to the subject publication. That said, if the Court relied on the answer to conclude that the Act applied (as stated in its opinion), then the Court is effectively endorsing the belief that a defendant can establish the Act's applicability by simply stating that it is applicable in its answer—even if that answer contains no facts through which a court can verify the veracity of any such statements. Such a belief, however, is clearly contrary to the Legislature's decision to impose a "preponderance of the evidence" evidentiary burden on a defendant. If the Legislature thought the Act's applicability could be established by simply having a defendant allege as much in an answer, then the Legislature would have surely drafted the Act to that effect and would have never imposed any "preponderance of the evidence" requirement on defendants. Accordingly, despite what is stated in the Court's opinion, the truth of the matter is that Appellants' answer—*as drafted*—can lend no support to a determination that the Act applies to Appellee's suit. The only item that can conceivably lend any support to such a determination is Appellee's petition alone.

3

In its opinion, the Court expresses the view that the petition and answer—when taken together—warrant a determination that the Act applies. The reality, however, is that considering the petition and answer together actually undercuts the Court's and the trial court's ability to make that determination. The Court's opinion ignores the fact that Appellants' answer contained a general denial, stating: "Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every allegation contained in Plaintiffs' First Amended Original Petition and demand strict proof thereof." CR:35-36. The opinion also ignores the fact that Appellants' answer states that "[t]he Complained of Statements are not of and concerning Plaintiff Jesus Everado Villarreal Salinas." CR:40. Thus, the trial court (as is the case with this Court) was left having to assess whether Appellants established the Act's applicability by a preponderance of the evidence by:

- looking at the factual allegations in the petition—allegations that Appellants stated in their answer are untrue; and

- looking at the answer, which asserted that the defamatory statement in question did not concern Appellee.

Appellee is compelled to question how a court can ever conclude that the Act's applicability has been established by a preponderance of the evidence under such a scenario. For the Court to find that the trial court was precluded from denying "Entravision's motion to dismiss on the basis that it failed to satisfy its burden,"

4

the Court is effectively taking the position that the trial court was required to find that the Act's applicability was established upon—

- the trial court accepting as true the answer's factually devoid and conclusory statements regarding the Act's application;

- the trial court ignoring the answer's statement that the defamatory statement in question did not concern Appellee;

- the trial court ignoring the answer's denial of all factual allegations in the petition; and

- the trial court accepting the factual allegations in the petition as true despite Appellants' unequivocal denial of those allegations.

There is no legal authority to support the view that a trial court is compelled to accept certain portions of a defendant's answer, while compelled to ignore other portions, for the purpose of determining that the Act's applicability was established by a preponderance of the evidence—nor is there any legal authority supporting the Court's decision to engage in such conduct. The Court should have found—and should now find—that Appellants cannot establish the Act's applicability by relying solely on factual allegations in a petition when they have (1) denied the truth of those factual allegations and (2) asserted that the defamatory statement in question is unrelated to Appellee. Appellants could have produced an affidavit or other evidence at trial to establish the Act's applicability. They did not do this. If Appellants wanted to rely on pleadings alone, they could have filed an answer containing either (1) specific denials, as is the practice in federal court, or (2) a

general denial along with specific factual allegations through which the trial court could assess the Act's applicability. They did not do this either.

To be clear, Appellee is not taking the position that a defendant can never establish the Act's applicability by simply having the Court look at the factual allegations in the petition. But, how can a defendant moving for dismissal utilize the petition's factual allegations alone to establish the Act's applicability by a preponderance of the evidence when the defendant is denying the truth of those factual allegations and has further represented that the defamatory statement at issue is unrelated to the plaintiff? Under such circumstances, a finding that the defendant failed to establish the Act's applicability by a preponderance of the evidence is warranted. Because the Court's opinion endorses a contrary finding, the Court should reconsider its opinion, withdraw it, and issue a new one affirming the trial court's denial on the motion to dismiss.

**Prayer**

For the reasons stated in this motion, Appellee asks the Court to grant this motion for rehearing, withdraw its opinion, and affirm the trial court's denial of Appellants' motion to dismiss.

Respectfully submitted,

/s/ **Ricardo Pumarejo Jr.**

Raymond L. Thomas
State Bar No. 19865350
rthomas@ktattorneys.com
Ricardo Pumarejo Jr.
State Bar No. 24056168
rpumarejo@ktattorneys.com
**KITTLEMAN THOMAS, PLLC**
4900-B N. 10th. Street
McAllen, Texas 78504
p. 956.632.5056
f. 956.630.5199
*Counsel for Appellee Jesus
Everado Villarreal Salinas*

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4, I hereby certify that this brief contains 1,371 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

/s/ ***Ricardo Pumarejo Jr.***

Ricardo Pumarejo Jr.

## CERTIFICATE OF SERVICE

I certify that on November 20, 2015, a true and correct copy of this document was served on all parties as follows:

***Via e-service:***
Laura lee Prather
Catherine Lewis Robb

/s/ ***Ricardo Pumarejo Jr.***

Ricardo Pumarejo Jr.